■ JOSEPH LOMONACO, as Administrator of the Estate of ANNA LOMONACO, Deceased, Respondent, v ARTHUR P. GUARINELLO et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Kings County, dated November 5, 1975, which (1) granted plaintiff's motion for an order directing defendant Arthur P. Guarinello to appear for an examination before trial and (2) directed that such examination be conducted at Special Term, Part II, of the Supreme Court, Kings County. Order modified by deleting the second decretal paragraph thereof and substituting therefor provisions that the examination before trial shall be conducted in Washington, D. C., at plaintiff's expense, or that, if plaintiff be so advised, he may serve written interrogatories upon the defendant from whom disclosure is sought. As so modified, order affirmed, with one bill of $50 costs and disbursements to defendants. The examination before trial shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such time and place as the parties may agree. If plaintiff elects to serve written interrogatories, such service shall be made within 20 days after service upon him of a copy of the order to be entered hereon, together with notice of entry thereof. In the light of plaintiff's delay of approximately 14 months in the making of the instant motion, and the fact that the defendant from whom disclosure is sought is a practicing physician residing in Washington, D. C., the interests of justice warrant a modification to the extent indicated herein. Hopkins, Acting P. J., Cohalan, Damiani and Christ, JJ., concur; Titone, J., dissents and votes to reverse the order and deny the motion, with the following memorandum: Plaintiff made the instant motion subsequent to having filed a note of issue with a statement of readiness. In support of the motion, it was alleged that the examination before trial was necessitated because (1) plaintiff's decedent "suddenly" died

and (2) the defendant from whom disclosure is sought resides in Washington, D. C. The latter ground does not constitute an unusual and unanticipated condition necessitating the requested pretrial examination. With respect to the former ground, the death of plaintiff's decedent occurred approximately 14 months prior to the making of the instant motion and plaintiff failed to justify the 14-month delay. Consequently, the unjustified delay constituted a waiver of the right to the relief sought. In this regard, it should be noted that plaintiff would not be unduly prejudiced without the pretrial examination in light of the uncontroverted fact that he has an eyewitness who will testify at trial (see 22 NYCRR 675.7 of the rules of this court). Accordingly, plaintiff's motion was improperly granted.